IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALS RAY DAVIS<br>a/k/a Donald Ray Davis, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | 2:20-CV-168-Z |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | §<br>§<br>§<br>§ | |
| Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner, a state prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), and incarcerated in the Robertson Unit in Jones County, Texas, has filed with this Court a form *Petition for a Writ of Habeas Corpus by a Person in State Custody* indicating he is making a "Reduction-In-Sentence Request." [ECF 3]. In the body of his pleading, petitioner clarifies that he is bringing a "Motion for Compassionate Release under the 2018 amended First Step Act." [*Id*. at 7]. Specifically, petitioner requests this federal court reduce his 40-year state sentence for murder out of Potter County, Texas, to a 20-year sentence and, after reduction, order TDCJ-CID to place him "in a facility where social distancing is practiced in its real sense with mask for serving the remainder of sentence." [*Id*. at 18]. Petitioner's request is primarily based on his concern that he may contract COVID-19 while in state prison due to his medical susceptibility and/or age, as well as for reasons associated with the crime of which he is convicted, his participation in educational and vocational offerings, and what

appears to be his successful completion of sixteen (16) years of his 40-year sentence.    Petitioner does not challenge the constitutionality of his underlying conviction or sentence.    Petitioner's motion should be DENIED.

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a federal law reforming the nation's federal prison system as well as some of the federal mandatory minimum sentencing laws, applies to "prisoner[s] . . . who ha[ve] been sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or . . . [are] in the custody of the Bureau of Prisons."    18 U.S.C. § 3635(4).    In other words, the First Step Act applies only to *federal* prisoners serving *federal* sentences pursuant to a *federal* conviction for a violation of a *federal* criminal law.    *State* prisoners serving *state* sentences of imprisonment as a result of a *state* conviction for a *state* criminal offense do not benefit from this federal law.    *Cf. Tapp-El v. Cooper*, 2019 WL 3582500 (M.D.N.C. Aug. 6, 2019); *Acosta v. United States*, 2019 WL 2429100 (D. Ariz. June 11, 2019) (the First Step Act "does not pertain to [petitioner's] state sentence").

Here, petitioner is a state prisoner under a state sentence of imprisonment.    Petitioner is not entitled to relief under the First Step Act.    As petitioner does not allege that he is in custody in violation of the United States Constitution or otherwise challenge the constitutionality of his underlying state court conviction or sentence, *see* 28 U.S.C. § 2254(a), petitioner's habeas application must be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the federal habeas corpus application filed by petitioner DONALS RAY DAVIS a/k/a Donald Ray Davis be DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 16, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).